**James ROUNDTREE, Petitioner–Appellant,**

v.

**Stanley ADAMS, Warden for the Riverside Correction Facility, for the Department of Corrections; Jennifer Granholm, Attorney General, Respondents–Appellees.**

No. 02–1968.

United States Court of Appeals, Sixth Circuit.

March 28, 2003.

Before: CLAY and ROGERS, Circuit Judges; and COFFMAN, District Judge.*

## ORDER

James Roundtree, a Michigan state prisoner, appeals pro se a district court judgment denying his petition for a writ of habeas corpus, filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

A jury convicted Roundtree in 1993 of armed robbery, receiving stolen property, and two counts of felony firearm. He entered a guilty plea to habitual offender, fourth offense, and was then sentenced to nineteen to fifty years, plus two years on each of the felony firearm counts. His conviction was affirmed on direct appeal. In this petition for federal habeas corpus relief, Roundtree argued that the trial court erred in allowing rebuttal testimony

---

* The Honorable Jennifer B. Coffman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

and in denying his motion for a mistrial following the rebuttal testimony; that the prosecutor was guilty of misconduct in allowing prejudicial hearsay to come before the jury during the rebuttal testimony; that his counsel was ineffective in failing to move to suppress the courtroom identifications of Roundtree: that the prosecutor committed misconduct by commenting on matters not in evidence and cross-examining Roundtree about a pawnbroker's card found in his wallet; and finally, that his sentence was disproportionate.

A magistrate judge recommended that the petition be denied on the merits. Over Roundtree's objections, the district court adopted this recommendation and denied the petition. In his motion for a certificate of appealability filed in the district court, and in his brief on appeal, Roundtree abandoned his claim of disproportionate sentence.

Roundtree's conviction arose out of the robbery of a mall jewelry store. Roundtree's accomplice conducted the robbery while Roundtree waited outside in a stolen car. Both men discharged weapons during their escape attempt, and Roundtree was seen by a witness who worked in the mall and testified at trial, as well as by one of the police officers who joined in the ensuing chase. Roundtree ultimately crashed the getaway car and he and his accomplice attempted to escape on foot. Both were apprehended near the crash. Roundtree was found hiding in some bushes, and his accomplice was found under a parked car. Roundtree's theory of defense at trial was that he was not hiding in the bushes, but innocently walking by to get to a phone, as his car had broken down on the other side of the highway.

■ Roundtree argues that the trial court erred in allowing rebuttal testimony from his accomplice's mother showing that he was a friend of the accomplice and thereby casting doubt on his story that he coincidentally was in the same place as the accomplice when he was arrested. He also argues that the trial court should have granted a motion for mistrial following the rebuttal testimony. In order to warrant habeas corpus relief, an evidentiary ruling must be shown to have resulted in the denial of a fair trial. *Kelly v. Withrow,* 25 F.3d 363, 370 (6th Cir.1994). Given the overwhelming evidence against Roundtree, including the fact that he was apprehended in escaping from the robbery and was identified by more than one witness as the getaway driver, this evidence regarding his acquaintance with his accomplice was not so prejudicial as to have rendered the trial fundamentally unfair.

■ Roundtree also argues that the prosecutor committed misconduct during the rebuttal testimony when he allowed the jury to hear about an address book belonging to the accomplice with Roundtree's nickname, address, and phone number in it, which the trial court had ruled was inadmissible. A claim of prosecutorial misconduct also will not justify habeas corpus relief unless the prosecutor's conduct was so egregious as to render the trial fundamentally unfair. *Serra v. Mich. Dep't of Corrs.,* 4 F.3d 1348, 1355–56 (6th Cir. 1993). For the same reason that the evidentiary ruling was not prejudicial, due to the overwhelming evidence against Roundtree, this claim does not rise to a level warranting habeas corpus relief.

■ Next, Roundtree argues that his counsel was deficient in failing to challenge the courtroom identification of him by the mall worker and police officer who joined in the car chase. The factors applied in determining the reliability of an identification include the witnesses' opportunity to view the defendant, their degree of attention, the accuracy of their description, their level of certainty, and the length of time that elapses between the crime and the identification. *United States v. Hill,*

967 F.2d 226, 230 (6th Cir.1992). Notwithstanding Roundtree's arguments to the contrary, both witnesses had a good opportunity to view him, paid close attention, accurately described him, and expressed high levels of certainty in their identification. The time between the crime and the identifications was also not unusually lengthy. Because a challenge to the identifications would have been fruitless, counsel was not ineffective in failing to raise one.

Finally, Roundtree points to other statements by the prosecutor which he alleges amounted to misconduct. On his cross-examination, when Roundtree denied being known by the nickname Honey, the prosecutor asked him if defense counsel was referring to someone else when he used that name. Defense counsel objected and the trial court sustained the objection. Given that Roundtree ultimately admitted that his nickname was Honeyman, this isolated error was not so egregious as to render the trial fundamentally unfair. The prosecutor also asked Roundtree about a pawnbroker's card that was found in his wallet, implying that Roundtree was in the habit of moving stolen goods through a pawnshop. And, in closing argument, the prosecutor asked why Roundtree would have crossed eight lanes of highway to go to the phone at the arrest scene when there were restaurants and businesses with phones on the other side of the highway where he alleged that his car had become disabled. Defense counsel did not object to either of these statements by the prosecutor, and the state courts refused to consider them on the basis of this default. Roundtree cannot establish cause and prejudice or a fundamental miscarriage of justice to excuse his procedural default of these claims. *see Gravley v. Mills,* 87 F.3d 779, 784–85 (6th Cir.1996), as the statements were not overly prejudicial. As Roundtree concedes, frequenting a pawn shop is not illegal. Although there was no evidence that there were actually restaurants and phones on the other side of the highway, this was referred to during Roundtree's cross-examination, when he denied being familiar with any restaurants on that side. This argument was not unduly prejudicial, given the fact that Roundtree was identified as the getaway driver and apprehended hiding in the bushes near the wrecked getaway car.

In summary, nothing has been presented which establishes that the affirmance of Roundtree's conviction on direct appeal in the Michigan courts was based on any rulings contrary to or unreasonably applying federal law, and he is therefore not entitled to federal habeas corpus relief. *Williams v. Taylor,* 529 U.S. 362, 410–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Accordingly, the denial of this petition is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.